UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Laura Mahriah Anderson, ) | C/A No. 6:16-cv-3550-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Nancy A. Berryhill, Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendants. ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision on the Commissioner of Social Security ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On November 29, 2017, the Magistrate Judge issued a Report recommending that the Commissioner's decision be affirmed. ECF No. 22. On December 13, 2017, Plaintiff filed objections to the Report. ECF No. 23. The Commissioner filed a Reply on December 27, 2017. ECF No. 25. For the reasons stated below, the Court respectfully declines to adopt the Report and remands this case to the Commissioner for further proceedings.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

**BACKGROUND**

Plaintiff applied for DIB on May 6, 2013. This claim was denied initially and upon reconsideration. On March 10, 2015, Plaintiff applied for SSI. Both applications initially alleged disability beginning November 23, 2009; Plaintiff later amended her alleged onset date to July 6, 2011. On April 13, 2015, a hearing was held before an Administrative Law Judge ("ALJ"). The ALJ denied Plaintiff's claims in a decision dated June 11, 2015, finding that Plaintiff was not disabled within the meaning of the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action on November 2, 2016.[1]

**DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report arguing that the Magistrate erred in finding that the ALJ and properly evaluated the medical opinion evidence and  properly assessed Plaintiff's RFC.

*Medical Opinion Evidence*

Among other arguments, Plaintiff asserts that the ALJ impermissibly interpreted raw medical data in his discussion of Plaintiff's MRI results. "An ALJ cannot play the role of doctor and interpret medical evidence when he or she is not qualified to do so." *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *see also Nguyen v. Chater*, 172 F .3d 31, 35 (1st Cir. 1999) ("As a lay person . . . the ALJ was simply not qualified to interpret raw medical data in functional terms . . .

---

[1] A thorough recitation of other relevant factual background in this matter is discussed in the Report. *See* ECF No. 22 at 1–4, 5–21. The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference.

."); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996) (stating that "an ALJ, as a lay person, is not qualified to interpret raw data in a medical record"); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985) ("By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise against that of a physician who presents competent evidence."); *Whitney v.. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982) ("Because an Administrative Law Judge as a rule is not a doctor, he should avoid commenting on the meaning of a test or clinical x-ray when there has been no supporting expert testimony.").

In his decision denying benefits, the ALJ summarized the results of Plaintiff's MRI as follows,

> The claimant's cervical spine showed diffuse disc desiccation, with a right paracentral disc protrusion at C5-C6 producing mild anterior edipural mass effect on the cervical cord (B13F/1). The claimant's lumbar spine had no significant abnormalities at the T12-L4 levels, a mild left lateral-based disc protrusion at L4-L5, and a broad-based central/right paracentral substance with enhancement compatible with surgical scarring at L5-S1 (B14F/2-3) . . . . [I]maging of the claimant's spine shows the two disc bulges, with only mild effects, and no additional irregularities that would affect the claimant's abilities to such an extent that she could only work four hours per day.

R. 18. The Magistrate concludes that the ALJ's statements are based upon the "impressions" section of the MRI results. ECF No. 22 at 24. As explained by the Magistrate, at least one other Court in this District has concluded that an ALJ did not improperly provide his own interpretation of raw medical data when he referred to the "impressions" sections of an MRI report and properly weighed those objective medical findings against a medical opinion. *See Jones v. Colvin*, C/A No. 9:14-

4339-TMC, 2016 WL 1054991, at *5 (D.S.C. Mar. 17, 2016). However, it appears that this case is distinguishable from the facts in *Jones*.

In *Jones*, the ALJ discussed the plaintiff's MRI results as follows,

> [T]he cervical MRI from February 2013 revealed that there is no cervical disc herniation. The impressions section indicates there is no significant foraminal narrowing and no intrinsic cervical cord lesion. The cervical spine is normally aligned. There is developmentally normal size of the spinal canal. There is unremarkable signal of the cervical cord. There is no acute cervical facet arthritis. There is no acute cervical marrow edema. The bulges at the C2-3 through C4-5 level are characterized as "mild." There is no disc displacement at the C5-6 level. There is only a "mild" annular bulge at the C6-7 level with "small" Luschka-joint osteophytes, left greater than right. There is no disc displacement at the C7-T1 levels. There is only "mild" disc bulge at the T1-2 level.

*Jones*, C/A No. 9:14-4339-TMC, ECF No. 12-2 at 62. In that case, the findings articulated by the ALJ were a recitation of the information from the MRI results. *See Jones,* C/A No. 9:14-4339-TMC, ECF No. 13-1 at 124. Accordingly, the Court determined that the ALJ's findings "mirror[ed] the findings of the MRI report included in the record." In this case, the MRI results do not contain any finding or impression that the imaging of Plaintiff's two disc bulges show "only mild effects and no additional irregularities that would affect the claimant's abilities to such an extent that she could only work four hours per day" as stated by the ALJ. Without some expert interpretation of the evidence, the ALJ cannot read the MRI results or arrive at some conclusion about what they mean, either relative to other evidence or in regards to Plaintiff's limitations. If the conclusion of the ALJ was, in fact, based upon a physician's assessment, the ALJ did not cite it in his opinion.[2] While the

---

[2] The Court notes that the ALJ gave great weight to the medical opinions of Dr. Donna Stroud and Dr. Adrian Corlette. However, Drs. Stroud and Corlette saw Plaintiff in 2013, well before Plaintiff's MRI in 2015. Accordingly, the ALJ's discussion of the MRI results cannot have been a restatement of their medical opinions. Dr. Manju Lakra was the only physician to interpret the MRI results, and the ALJ gave little weight to his medical opinion.

ALJ has most certainly developed substantial experience with this type of evidence, the conclusion is out of bounds for its tendency to interpret, rather than weigh, the evidence. Accordingly, it appears that the ALJ's conclusion is not supported by substantial evidence and remand of this case is appropriate.

Because the Court finds that the ALJ's improper interpretation of the raw medical data is a sufficient basis to remand the case to the Commissioner, the Court declines to specifically address Plaintiff's remaining arguments. However, upon remand, the Commissioner should take into consideration Plaintiff's remaining allegations of error.

## **CONCLUSION**

For the reasons set forth herein, the court respectfully **declines to adopt** the Magistrate Judge's Report and **remands** the case to the Commissioner for further proceedings consistent with this decision pursuant to sentence four (4) of 42 U.S.C. § 405(g).

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 29, 2018
Spartanburg, South Carolina